UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MELINDA CAMPTON, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:20-CV-2464 |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | |
| | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Now comes MELINDA CAMPTON ("Plaintiff"), complaining as to PORTFOLIO RECOVERY ASSOCIATES, LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred within this District.

[ 1 ]

**PARTIES**

4. Plaintiff is a natural person residing in Hancock County in Ohio.

5. Defendant is a third-party debt collector with its principal place of business in this Virginia.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**BACKGROUND**

7. Plaintiff incurred a credit card debt of a few hundred dollars (the "account").

8. Plaintiff used the account to pay for everyday living expenses, such as groceries.

9. Plaintiff incurred the account for personal (not business) purposes.

10. After Plaintiff defaulted on this debt, Defendant received the debt and began to collect on it.

11. Plaintiff filed a bankruptcy petition together with her husband, Steve R. Campton, on May 13, 2019, Case No. 3:19-bk-31518 (N.D. Ohio).

12. A confirmation hearing was held on or about November 14, 2019, and the plan of bankruptcy was to be confirmed.

13. Plaintiff and her husband then voluntarily dismissed the bankruptcy petition because they were getting a divorce.

[2]

14. Plaintiff's action in voluntarily dismissing the bankruptcy was solely to aid resolution of her divorce.

15. Defendant then began to bombard Plaintiff with daily phone calls to demand payment on the account.

16. Plaintiff explained repeatedly that she did not have any money to pay any debts.

17. Plaintiff explained that she is on a fixed income through Social Security and is unable to pay.

18. Defendant continued to call Plaintiff multiple times per day over a period of many months.

19. Defendant called Plaintiff repeatedly from January 2020 through late September 2020.

20. Plaintiff, on information and belief, told Defendant not to place further calls to her.

21. Even though there was no hope of obtaining any payment from Plaintiff, who had repeatedly explained that she could not pay, Defendant continued its campaign of calls.

22. On information and belief, the purpose of these calls was to harass Plaintiff into paying.

23. Plaintiff felt frustrated due to these calls and experienced a sense of utter helplessness.

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff realleges the paragraphs above as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

27. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

28. Defendant's actions violated:

    a. § 1692d(5) because Defendant engaged in conduct, as set forth in this Count, that the natural consequence of which was to harass Plaintiff in connection with the collection of a debt, namely causing Plaintiff's phone to ring repeatedly despite there being no reasonable chance that Plaintiff would be able to pay on the account.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

29. Plaintiff realleges the above paragraphs as though fully set forth herein.

30. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

31. Plaintiff is a "person" as defined by R.C. 1345.01(B).

32. Defendant is a "supplier" as defined by R.C. 1345.01(C).

33. Debt collection is part of a "consumer transaction" as defined by R.C. 1345.01(A).

34. R.C. 1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

35. Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant engaged in acts and practices in violation of the FDCPA as set forth above.

36. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.**    Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **c.**    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **d.**    Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 in an amount to be determined at trial, plus reasonable attorney fees; and

    **e.**    Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  October 30, 2020

>By:  s/ Jonathan Hilton
>
>Jonathan Hilton (0095742)
>HILTON PARKER LLC
>10400 Blacklick-Eastern Rd NW, Suite 110
>Pickerington, OH 43147
>Tel: (614) 992-2277
>Fax: (614) 427-5557
>jhilton@hiltonparker.com
>*Attorney for Plaintiff*